IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**KEVIN TWEELINCKX**,

        Plaintiff,

        v.

**UNITED PARCEL SERVICE, INC.,**
a foreign business corporation,

        Defendant.

No. 3:12-cv-01328-JE

OPINION AND ORDER

**MOSMAN, J.**,

    On July 29, 2014, Magistrate Judge Jelderks issued his Findings and Recommendation ("F&R") [66] in the above-captioned case, recommending that I deny Mr. Tweelinckx's and the United Parcel Service, Inc.'s (UPS) motions for summary judgment [40, 42]. The parties dispute whether UPS's disciplinary decisions regarding Mr. Tweelinckx were motivated by safety and performance concerns, rather than his protected participation in the workers' compensation system. Mr. Tweelinckx objected and UPS responded [68, 69]. In his objection, Mr. Tweelinckx argues UPS is precluded from asserting it had a non-discriminatory motive for disciplining him because the Workers' Compensation Board ("Board") determined the discipline

was unreasonable. Pl.'s Obj. [68] at 1. Upon review, I agree that material issues of fact remain in this case and DENY both motions for summary judgment. I ADOPT the F&R as my own opinion to the extent outlined herein and write further to address Mr. Tweelinckx's objections regarding issue preclusion.

## LEGAL STANDARD

The magistrate judge makes only recommendations to the court, to which any party may file written objections. I am not bound by the recommendations of the magistrate judge; instead, I retain responsibility for making the final determination. I am required to review de novo those portions of the report or any specified findings or recommendations within it to which an objection is made. 28 U.S.C. § 636(b)(1). However, I am not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether objections have been filed, in either case I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1).

## DISCUSSION

Mr. Tweelinckx brings a discrimination complaint against UPS, his former employer, under O.R.S. § 659A.040. Compl. [1-1] at 6. He alleges UPS violated O.R.S. § 659A.040 when it disciplined, and eventually fired him, for having filed a workers' compensation claim. *Id.*; Ex. [40-3] at 3. Previously, the "Board" found UPS had subjected Mr. Tweelinckx to unreasonable discipline based on his previous claims and the fact that he exercised his right to limit his working hours under his collective bargaining agreement. Ex. [40-3] at 12. Mr. Tweelinckx

argues this finding now precludes UPS from asserting it had a non-discriminatory motive for firing him. Pl.'s Memo. [41] at 3.

Oregon applies a 5-factor test to determine if an administrative finding should preclude later litigation on an issue. *Nelson v. Emerald People's Pub. Util. Dist.,* 318 Or. 99, 104 (1993); *see also Dodd v. Hood River Cty.,* 136 F.3d 1219, 1225 (9th Cir. 1998) (requiring federal courts in Oregon to apply state issue preclusion rules). Every factor must be satisfied in order to preclude later litigation on a particular issue. *Id*. The two disputed factors in this case are whether or not: (1) the finding is essential to both decisions, and (2) the issue in both cases is identical. Mr. Tweelinckx argues the Board's finding that UPS subjected him to unreasonable discipline satisfies both factors and is therefore entitled to preclusive effect. Pl.'s Memo. [41] at 3. However, I agree with Judge Jelderks that the Board's finding that Mr. Tweelinckx was unreasonably disciplined was not essential to the Board's decision to deny Mr. Tweelinckx's workers' compensation claim. F&R [66] at 12.

Mr. Tweelinckx correctly argues that O.R.S. § 656.802 requires the Board to weigh several factors when deciding whether a claimant is entitled to workers' compensation benefits. Pl.'s Obj. [68] at 4. He extrapolates this to mean that for the purpose of issue preclusion, each finding the Board makes during its requisite analysis is essential to its decision. *Id.* Yet as Judge Jelderks notes, a finding is only essential when it is necessary to the decision itself, rather than simply part of the underlying analysis. F&R [66] at 12; *Heller v. Ebb Auto Co.,* 308 Or. 1, 5 (1989).

In this case, the Board's decision to deny Mr. Tweelinckx's claim turned on whether employment-related conditions formed the major cause of his mental disorder. Ex. [40-3] at 2, 14. It weighed the non-employment conditions, such as his history of mental disorders, against

3 – OPINION AND ORDER

the employment conditions, including the fact that he was subjected to unreasonable discipline. *Id.* at 14. The Board ultimately concluded the disorder arose mainly from conditions outside of work and denied his claim. *Id.* at 14. Finding UPS unreasonably disciplined Mr. Tweelinckx was unnecessary for it to reach this conclusion because work-related factors were not the disorder's major cause. Had UPS's discipline been reasonable, the result would have been the same. UPS's Resp. [69] at 3. Accordingly, I agree with Judge Jelderks's conclusion in the F&R [66] that the discipline finding was not essential to the Board's decision and it is therefore not entitled to preclusive effect in this case.

Because failing to satisfy even a single factor in the 5-factor Oregon test for issue preclusion bars issue preclusion, it is unnecessary to determine whether or not the issue in both cases is identical. I therefore decline to adopt the F&R [66] to the extent that it analyzes whether or not the issue in both cases is identical.

## CONCLUSION

The finding of the Workers' Compensation Board that UPS subjected Mr. Tweelinckx to unreasonable discipline was not essential to its decision to deny his workers' compensation claim and therefore is not entitled to preclusive effect in this action. Because genuine issues of material fact exist as to whether UPS discriminated against Mr. Tweelinckx, both motions for summary judgment are DENIED.

IT IS SO ORDERED.

DATED this  14th  day of October, 2014.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

4 – OPINION AND ORDER